## MARQUARDT V. STATE.

INDICTMENT: *For keeping dram shop open on Sunday.*

An indictment under section 1887 Mansfield's Digest, which alleges that the defendant, "on the first day of May, 1889, * * * unlawfully did keep open his dram shop on Sunday," is sufficient, although the day of the month is not correctly stated. The gist of the offense being that the shop was kept open on Sunday, the allegation of time is not material.

APPEAL from *Sebastian* Circuit Court.

JOHN S. LITTLE, Judge.

The indictment against the defendant charged that "on the first day of May, 1889," he unlawfully kept open his dram shop "on Sunday." A demurrer to the indictment was overruled, and the defendant having been convicted, appealed. The only question presented by the appeal is as to the sufficiency of the indictment. Section 1887 Mansfield's Digest, provides that "every person who shall, on Sunday, * * * keep open any dram shop or grocery, or sell or retail any spirits or wine, shall, on conviction thereof, be fined in any sum not less than $10, nor more than $20."

Section 2112 Mansfield's Digest is as follows: "The statement in the indictment as to the time at which the offense was committed is not material, further than as a statement that it was committed before the time of finding the indictment, except when the time is a material ingredient in the offense."

*C. A. Lewers*, for appellant.

The court judicially knows that the 1st of May, 1889, *was not Sunday,* and it was not unlawful for appellant to sell on that day. *38 Ark., 548.*

*W. E. Atkinson*, Attorney General, and *T. D. Crawford*, for appellee.

The indictment charges that the offense was committed on Sunday. It was not material whether it was on the 1st of May, the 1st of September, or any day within twelve months,

*provided* it occurred on Sunday. *38 Ark., 548.* See, also, *Whart. Cr. Pl. and Pr., sec. 121; 42 Barb., 324; 64 N. C., 591; 1 Swan, 416; 18 Ark., 365; Rex v. Thomas Gill, Russ & Ryan, 431.*

*51 Ga., 426* conflicts with these anthorities, perhaps, but if so, is against the clear weight of authority.

PER CURIAM.    The allegation of time in the indictment is
immaterial; the gist of the offence is that spirituous liquor was sold on Sunday, and whether the day of the month is correctly stated is no more important in this than in other cases. *Whart. Crim. Pl. and P.r., sec. 121; People v. Ball, 42 Barb., 324; State v. Drake, 64 N. C., 591; State v. Eskridge, 1 Swan, 416.*

In *Robinson v. State, 38 Ark., 548,* it was not charged that the offence was committed on Sunday but only on a day of the month which the court judicially knew was not Sunday. That case does not conflict with the view now expressed.

Affirmed.