VENABLE *v.* STATE.

Opinion delivered April 30, 1928.

92

*Edward Gordon,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

Wood, J. The appellant was convicted on a valid indictment of the crime of carnal abuse, and was sentenced by judgment of the court to imprisonment in the State Penitentiary for a period of two years, from which judgment he duly prosecutes this appeal.

1. The indictment charged that the offense was committed in the county of Pope and in the State of Arkansas, "on the first of February, 1927." The bill of exceptions shows the following:

Objection made by attorney for defendant during opening statement of the case by the State: "Do you state that this indictment does not state that this is the date? By the court: The court tells the jury that the date alleged in the indictment is not material. By Mr. Gordon: I want to state now that the prosecuting attorney, or hired counsel for the prosecution, has stated to the jury that, from the acts of intercourse, the prosecuting witness became pregnant, and is some time soon to become a mother; that the allegations in the indictment are material, because the defendant could not go to trial and make a proper defense if a fictitious date was used, and if the prosecuting attorney had another date and deliberately used this one, that we have been met by surprise, and ask that the case be withdrawn from the jury and be continued. Court: The court holds the objection is not well taken. Mr. Gordon: We save our exceptions. The record will show that she had been called as a witness in the lower court, when the case was tried there, and that she swore it occurred just after Christmas. Court: Objections overruled, and your exceptions saved."

Counsel for appellant contends that the court erred in not granting a continuance of the cause, stating that he was able to show by competent physicians and by the physical facts, that the child not having been born at the time of the trial, it was physically impossible for the alleged act of intercourse to have occurred just after Christmas in 1926, or the first of February, 1927; that the prosecutrix had testified in the justice court that the acts of intercourse with appellant by which she became pregnant occurred just after Christmas, 1926; that the prosecutrix had testified on the trial of the cause that the first act of intercourse occurred about March 25, 1927, and the last some time in June. Counsel urge that appellant was taken by surprise, under the above facts, and that the court erred in not granting a continuance on that ground. A complete answer to this contention as to the time alleged is contained in the statute, which provides that:

"The statement in the indictment as to the time at which the offense was committed is not material, further than as a statement that it was committed before the time of finding the indictment, except when the time is a material ingredient in the offense." C. & M. Digest, § 3019.

Time was not a material ingredient of the offense in the case at bar, except to show that, at the time the alleged offense was committed, the prosecutrix was under sixteen years of age. The prosecutrix testified that she was fourteen years old at the time of the trial. The trial court did not err in declaring the date alleged in the indictment was not material. See State v. Gill, 33 Ark. 129-133; Marquardt v. State, 52 Ark. 269, 12 S. W. 562; Oakes v. State, 135 Ark. 221, 205 S. W. 305; Taylor v. State, 169 Ark. 589, 276 S. W. 577. The motion was not well taken as to what appellant expected to prove.

The statement of counsel in his brief that he was able to prove by physicians certain physical facts, and by other witnesses other facts which would show that his guilt was impossible, would not justify this court in

reversing the ruling of the trial court in overruling appellant's oral motion for continuance. To be sure, the trial court may, in its discretion, grant an oral motion for continuance, under §§ 3129 and 3130, C. & M. Digest, because there is no requirement in these sections that such motions shall be reduced to writing. Nor does § 1270, C. & M. Digest—which, by § 3130, *supra,* is made applicable to criminal cases—require that the motion for continuance be reduced to writing and supported by affidavit, unless the opposite party demands it. Nevertheless, where the trial court overrules an oral motion to continue or postpone a cause on the ground of surprise, the party who complains of such ruling, in order to make the error, if any, appear to this court, should set forth in the record or bill of exceptions the facts constituting such surprise. He should bring to the attention of the trial court, and then of this court, a statement of the testimony or evidence which he claims would show that he was surprised. In *Dixon* v. *State,* 46 Neb. 298, 64 N. W. 961, the Supreme Court, speaking of an oral request for continuance on the ground of surprise, says:

"In the showing made it was not disclosed in what respect the defense expected to be able to meet the new phase of the evidence, or the names of the witnesses by whom it was to be met. In order to procure a continuance it should be shown that the party seeking the continuance expects to be able to procure material testimony, and the nature of such testimony."

The mere statement of appellant that he could prove certain facts, if given an opportunity, is not sufficient, where the court refuses to accept the statement, to show that the court erred. Such a statement is too general. Appellant or his counsel should follow up such statement by detailing the testimony that could be had and the names of the witnesses who would so testify, and then verify the statement. See Standard Ency. Procedure, p. 471.

This court, in *Bourland* v. *State,* 158 Ark. 37, 249 S. W. 591, said: "Appellant filed an unverified motion for

continuance. It was not error to refuse to grant a continuance where the motion was not sworn to by appellant or his attorney.'' Citing *Brickey* v. *State*, 148 Ark. 197, 231 S. W. 549.

2. The appellant next contends that the court erred in refusing to permit the introduction of the testimony of the prosecuting witness given in the justice court at the examining trial.

The Attorney General answers this contention as follows:

''The court did not refuse to permit the introduction of any testimony taken at the examining trial which was in conflict with that given by the witness in this case. Moreover, the court went further than this by giving permission to counsel for defendant to call the prosecuting witness back for further cross-examination, and, upon re-examination of the witness, she admitted having testified to that part of the testimony previously given, and, notwithstanding this, the court held that the defense might introduce any part of the testimony previously given which contradicted her testimony in this case.''

We find that the statement of the Attorney General is borne out by the record. Therefore the above assignment of error cannot be sustained.

3. It is last insisted that ''the testimony is insufficient to sustain the verdict.'' The prosecutrix, at the time of giving her testimony, was between fourteen and fifteen years of age. She testified that the appellant had sexual intercourse with her the first time about March 25, 1927, and the last time in June, 1927. The acts of sexual intercourse were in Pope County, Arkansas, at the home of her brother-in-law, Jim Venable, who was a brother of the appellant. The appellant at the time was living with his brother Jim. It is unnecessary to set forth the testimony of the prosecutrix as to the manner of the alleged sexual intercourse. If it occurred as she described, it was done forcibly, and against her will. But it is obvious that the grand jury did not believe her

testimony to the effect that the acts of sexual intercourse were against the will of the prosecutrix, else the indictment would have been for rape instead of for carnal abuse. And we may say that the testimony of the prosecutrix at the trial as to the circumstances and manner of the alleged intercourse was so unreasonable and unbelievable as to make it highly improbable, if not impossible, that the acts of sexual intercourse took place in the manner detailed by her.

The learned counsel for appellant therefore argues that the jury were not warranted in finding that appellant had sexual intercourse at all with the prosecutrix. That is a manifest *non sequitur*. The prosecutrix was not yet fourteen years of age when the alleged acts of sexual intercourse occurred. That the prosecutrix had sexual intercourse was proved by the physical fact that at the time of the trial she was enceinte. This fact, established by the testimony of the prosecutrix and her mother, was undisputed. The prosecutrix, in testifying that the appellant had intercourse with her by force and against her will, was evidently endeavoring to shield her own conduct as far as possible from any censure, because of what had happened. At least, the jury might have so found. The jury might have discredited her testimony as to the manner of the sexual intercourse, and still have believed that sexual intercourse took place with appellant. Such was the exclusive province of the jury, as the sole judges of the credibility of the witnesses. The jury could accept and believe such parts of her testimony as they believed to be true and discard such parts of her testimony as they believed to be false. If appellant had intercourse with the prosecutrix, since he was indicted and convicted of carnal abuse it is wholly immaterial whether the intercourse was with or without her consent.

The law was correctly declared by the trial court. Therefore the guilt or innocence of the accused, under the evidence, was purely an issue of fact for the jury.

Counsel for appellant relies upon the case of *People* v. *Benson,* 6 Cal. 222, Am. Dec. 507, where it is said:

"The case before us is supported alone by the evidence of the prosecutrix, a young, ignorant girl, thirteen years of age, and is so improbable of itself as to warrant us in the belief that the verdict was more the result of prejudice or popular excitement than the calm and dispassionate conclusion upon the facts by twelve men, sworn to discharge their duty faithfully." But the doctrine thus announced has no application to the facts of this record. Under the rule of our own numerous decisions the case on the facts was peculiarly one for the jury. In one of our very latest cases it is said: 'This issue of fact was one for the jury, and not for the courts to determine on appeal. It was not necessary for the statement of the prosecutrix to be corroborated upon the charge of carnal abuse. We cannot agree with the view expressed by learned counsel for appellant, that the testimony of the prosecutrix was so unreasonable and contrary to human experience that juries and courts should disregard her statement.' " *Head* v. *State,* 175 Ark. 69, 297 S. W. 828. That is the doctrine applicable here.

Therefore let the judgment be affirmed.