H. D. CHANDLER *v.* STATE of Arkansas

CR 78-46                                            569 S.W. 2d 660

Opinion delivered September 5, 1978
(Division II)

*Tackett, Moore, Dowd & Harrelson,* for appellant.

*Bill Clinton,* Atty. Gen., by: *James E. Smedley,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was found guilty of theft of property of a value in excess of $10,000 in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). The theft was allegedly accomplished by a scheme by which one Jack Wilson, a weighmaster for Weyerhaeuser, issued tickets to Cleo Echols for logs delivered to Weyerhaeuser by appellant H. D. Chandler, for weights in excess of the actual weight of the logs. Echols was a logging vendor for Weyerhaeuser. Chandler was a truck driver who normally hauled logs for P. T. Henry. A truck driver delivering logs would fill out a trip ticket showing the contractor or vendor for whom he was delivering logs and deliver it to the weighmaster. After the gross weight of the truck and logs and the empty weight of the truck were recorded and the weight of the logs determined by subtraction, one copy of the weight ticket would go to the hauler, and others to various Weyerhaeuser offices.

Cleo Echols testified that he paid Chandler $14,437.58 for weight tickets brought to him by Chandler. Echols said that he had no interest in the logs delivered by Chandler, but permitted Chandler to use his name because logs delivered in his name were credited on a quota established for him by

Weyerhaeuser and this prevented the lowering of his quota. It developed that a number of tickets issued by Wilson during the hours Chandler was delivering logs were "bogus," i.e., the logs represented by the tickets were not delivered. There was evidence that the number of weight tickets issued on certain days while Wilson was weighmaster exceeded the number of loads of logs crossing the scales. Chandler was observed "hanging around" the scales after his empty truck had already been weighed.

Appellant moved for a directed verdict at the conclusion of the evidence on behalf of the state on the ground that the state had failed to prove any theft by Chandler beyond a reasonable doubt. Of course, the question was whether there was any substantial evidence of the theft, and the question of reasonable doubt was for the jury. *Williams* v. *State*, 260 Ark. 457, 541 S.W. 2d 300; *Pharr* v. *State*, 246 Ark. 424, 438 S.W. 2d 461. After this motion was denied, appellant offered evidence in his defense, including his own testimony, in the course of which he confessed that he took some "bogus" tickets to Cleo Echols, obtained checks and took the money to Wilson, who paid appellant three payments of $500 each, or a total of $1,500, from the proceeds. Chandler stated that he and Wilson were working together on the deal and that neither could have carried on the operation without the other. He said that he participated with Wilson in obtaining something more than $14,000.

Appellant's argument that the evidence introduced by the state before resting its case-in-chief was insufficient is unavailing because: (1) his motion was not renewed at the conclusion of all the evidence (*Walker* v. *State*, 240 Ark. 441, 399 S.W. 2d 672); and (2) he introduced evidence after the denial of his motion (*Chrestman* v. *Kendall*, 247 Ark. 802, 448 S.W. 2d 22; *Granite Mountain Rest Home, Inc.* v. *Schwarz*, 236 Ark. 46, 364 S.W. 2d 306).

Appellant's other point for reversal is stated thus:

UNDER THE RULES OF EQUITY A STUPID FOOL SHOULD NOT BE CONVICTED THROUGH THE OPERATIONS OF A SMART,

WELL EDUCATED, AND WELL ADVISED WEIGHMASTER.

In arguing this point, appellant suggests that, by application of equitable principles stated in chancery cases, we should somehow reverse his conviction because he has had only a fourth grade education, and, according to his argument, can barely write his name and was susceptible to a smart weighmaster. This argument is wholly without merit. The case was tried in a law court, not a chancery court. It would be difficult for a fact finder to believe that appellant was so ignorant that he did not know that he was doing wrong. His admitted wrongdoing certainly justifies the bar of "equitable" relief.

The judgment is affirmed.

We agree. Harris, C.J., and Byrd and Hickman, JJ.