## Charles CHRISTIAN *v.* STATE of Arkansas

CA CR 82-58         639 S.W.2d 78

Court of Appeals of Arkansas
Opinion delivered September 15, 1982

*Garner Taylor, Jr.,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. Appellant appeals from a jury verdict which found him guilty of theft by deception. He contends the trial court erred when it (1) denied his motion for continuance, (2) restricted his cross-examination of the victim and a police officer, and (3) determined the evidence sufficient to sustain a conviction. Our study of the record reflects the trial court was correct in each instance, and therefore, we affirm.

## I. MOTION FOR CONTINUANCE

Appellant was charged jointly with co-defendant, James Guy, and they were to be tried together on January 7, 1982. However, Guy failed to appear on the morning of the

trial, and appellant's counsel moved for continuance. In support of his motion, counsel alleged that he expected Guy's testimony to establish an alibi for the appellant and anticipated that Guy would take all the liability for the charges filed in the case. The court denied the motion. It was again denied when counsel for appellant renewed his motion, stating the same grounds immediately before the trial commenced.

The trial court's action will not be reversed absent a clear abuse of discretion amounting to a denial of justice, and the burden is on appellant to demonstrate such abuse. *Brown* v. *State,* 5 Ark. App. 181, 186, 636 S.W.2d 286 (1982). It is also settled law that in the absence of a showing of prejudice, we cannot say the refusal of a continuance is error. *Russell* v. *State,* 262 Ark. 447, 559 S.W.2d 7 (1977). *See also, Finch* v. *State,* 262 Ark. 313, 556 S.W.2d 434 (1977).

In considering appellant's contention, we find it significant to mention early that appellant had signed a written statement which clearly reflected his participation with Guy in their theft by deception scheme. This statement was admitted into evidence without objection at appellant's trial. Throughout the two-page statement, appellant related his knowledge and involvement in the scheme, which included his presence at the place and time the crime was committed. In brief, appellant admitted in the statement that Guy bought two old televisions from a rental shop. Guy later "wrapped" them so they appeared as new television sets. The next day, appellant and Guy loaded the sets in appellant's car, and they proceeded to a welding shop where Guy unloaded one of the televisions and sold it. The statement further reflected that the only thing appellant received from Guy for "taking him around" was a tank of gas. Appellant admitted that two other old televisions were bought and sold as new in the same manner. In addition to making a statement, appellant also testified at trial. He admitted that he was with Guy when the crime occurred, but he denied any culpable knowledge of the theft "scam." Nevertheless, the basis of appellant's motion to continue was that Guy's testimony would establish an alibi for appellant, *i.e.,* a defense which is commonly understood to

place a defendant at another place at the time of the commission of the alleged offense. See *Doyle* v. *State*, 166 Ark. 505, 507, 266 S.W. 459, 460 (1924), and *Black's Law Dictionary*, 66 (5th ed. 1979). If the establishment of an alibi was the true basis of appellant's motion to continue, it is difficult to surmise how Guy's failure to testify prejudiced appellant in view of his written statement and in-court testimony, admitting he was with Guy when the crime was committed.

Perhaps appellant's counsel misstated what he intended to prove through Guy's testimony, and it was not the establishment of an alibi at all. In this vein, appellant may have intended to show that although appellant was with Guy at all relevant times, appellant was unaware that Guy was engaging in criminal conduct. Of course, we are forced to speculate in considering what appellant expected to show by Guy's testimony because he failed to proffer any testimony or evidence which would serve as a factual basis to exculpate appellant and his role in the crime.

Since appellant proffered no testimony, it is just as easy to speculate that he did not know what testimony Guy would give and, indeed, had no real assurance that Guy would testify at all. After all, appellant's written statement that recited his own involvement in the theft scheme also clearly charged that Guy was the one who initiated the scheme. On this same point, appellant never established the actual reason Guy failed to appear at the trial, a fact which could easily have been shown, if not at trial, through a motion for a new trial.

As we noted earlier, we find it significant that this is not a situation in which the appellant had proclaimed his innocence throughout the case. Instead, appellant gave the State an incriminating statement which served as the single most damaging piece of evidence in support of the charges filed against him. For that reason alone, it was important for him to show any other evidence upon which he relied to support his continuance motion and claim of prejudice. Appellant should have given the court the evidence that he expected to offer through Guy's testimony. Only then would

the court be in the position to properly weigh such proffered evidence in light of appellant's own self-incriminating statement and the other evidence that was available to prove the charges against him.

Appellant was not prevented from offering testimony that he honestly expected to elicit from Guy if he had been available to testify at the trial. It was his burden to do so, and he failed. Because of this fact, the trial court was in no position to weigh the prejudicial impact of Guy's absence. Consequently, we are unable to say it abused its discretion in denying appellant's motion to continue.

## II. RESTRICTION OF CROSS-EXAMINATION OF VICTIM AND A POLICE OFFICER

Appellant first complains that the trial court impermissibly limited his cross-examination of the complaining witness, Mike Cole. Cole purchased one of the televisions for $100 upon the representation it was new. During his cross-examination, he testified that he had recently purchased a new television sometime after his transaction with Guy and appellant. When asked how much he paid for the new set, the court sustained the State's objection that the question was not relevant. Although appellant failed to state to the court why he believed the question was relevant, we can only assume he was attempting to show that Cole knew the price of a new television, and he was not misled or deceived in his purchase from Guy and the appellant. Even so, we find no merit in his argument. First, nowhere in the record do we find any evidence which establishes that the television purchased from Guy and appellant was comparable to the one Cole purchased later.[1] Secondly, and more importantly, other testimony elicited from Cole on cross-examination established not only that he believed the television he purchased from Guy and appellant was at a bargain price, but also that he had an idea that the television might have been stolen. In spite of this testimony, the jury convicted

---

[1] Appellant later asked Cole if there was a difference in the two televisions, but the court sustained the State's relevancy objection and that ruling is not argued on appeal.

appellant of theft by deception. Since it is not an abuse of discretion to interfere with or limit cross-examination of a witness when it appears the matter has been developed sufficiently and presented clearly to the jury, we find no merit in appellant's argument on this point. See *McCorkle v. State*, 270 Ark. 679, 607 S.W.2d 655 (1980).

Appellant also contends that his cross-examination was unduly restricted when he asked the police officer, who took appellant's written statement, if he believed appellant when "he said he didn't receive anything." The trial court sustained the State's objection based on irrelevancy. The court's ruling was correct for at least two reasons: (1) it is the function of the trier of fact to determine what portions of the statement are to be believed and what portions are to be discredited. *Core v. State*, 265 Ark. 409, 578 S.W.2d 581 (1979); and (2) the question was argumentative and called for the witness to state a conclusion as to appellant's belief. *Dillard v. State*, 260 Ark. 743, 543 S.W.2d 925 (1976).

## III. EVIDENCE SUFFICIENT TO SUSTAIN CONVICTION

We first note appellant's argument that the trial court erred in denying appellant's motion for directed verdict at the close of the State's case-in-chief. This argument is unavailing because his motion was not renewed at the conclusion of all the evidence and he introduced evidence (including his own testimony) after the denial of his motion. See *Chandler v. State*, 264 Ark. 175, 569 S.W.2d 660 (1978), and *Wiley v. State*, 268 Ark. 552, 594 S.W.2d 57 (Ark. App. 1980). Thus, as we were required to do in *Wiley*, we now judge the sufficiency of the evidence on the entire record. In doing so, we view the evidence in the light most favorable to the appellee. *Pope v. State*, 262 Ark. 476, 557 S.W.2d 887 (1977).

Mike Cole testified that on June 16, 1981, he was at his place of employment and heard from other employees that there were two men parked in his company's driveway, and that they had some televisions for sale. One of the men sat in a car while the other was talking to employees about the

televisions. Cole said that the man related the televisions were "leftover freight" from a Tulsa truck and that he wanted $150 a piece for them. Cole unloaded the televisions from the men's car after the man sitting in it backed the car near a company service truck. After Cole and the other employee paid their money, the two men left. Cole then unwrapped the televisions only to find two "old, dilapidated" televisions. He contacted the Fort Smith Police Department and gave Detective James Davis a description of the two men and what occurred. On June 21, 1981, appellant and Guy were arrested, and on the same day, appellant gave the police his written statement of his involvement in the crime.

Since we related the relevant text of appellant's statement in Point I, it is unnecessary to repeat those portions. Suffice it to say, appellant's statement established his connection with the crime which occurred on June 16, and though he denied receiving anything from Guy in return except a tank of gas, appellant's statement clearly related his knowledgeable participation in the theft scheme. While it is true the appellant's version at trial differed from his prior statement and Detective Davis' testimony, the resolution of those differences was a matter for the jury.

Affirmed.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent from that portion of the majority opinion which holds that the trial court did not abuse its discretion in denying a continuance. I am fully aware of the heavy burden that the appellant bears in trying to persuade an appellate court to reverse a trial court's denial of a continuance. However, a review of what transpired at the time of the motion, rather than what was ultimately elicited from the witness stand, makes it clear that the trial court should have granted the continuance.

Before the selection of the jury, the defense counsel informed the trial court that appellant's codefendant was

not present for trial, and that the codefendant's testimony would be necessary to properly defend the appellant. The defense counsel said:

Judge, I would like to speak up at this time. The prosecutor has mentioned something. There is an interdependency of testimony in this case. I expect that Mr. James Guy would have offered an *alibi* for my client, Charles Christian, and his lack of being able to testify may be prejudicial to my client. *I anticipated that James Guy would have taken all the liability for the charges in this case.* [T. 21, emphasis added.]

The defense counsel renewed his motion for a continuance before the trial began. The defense counsel said:

Your Honor, I would like to renew my motion for a continuance on the same grounds, the failure of Mr. Guy to appear and offer an alibi, testimony for my client Charles Christian. Further, I would like to move for a continuance in regard to the absence of Mr. James Guy. I understand from the bonding company that he has called at 8:46 this morning to the bonding company but not myself, and that he is having motor problems in Morrilton, Arkansas and that he has promised the bondsperson that he will be here as soon as he can get transportation.

THE COURT: Overruled. [T. 25]

The majority's opinion is critical of the defense counsel's use of the term "alibi." The opinion defines alibi as "a defense which is commonly understood to place a defendant at another place at the time of the commission of the alleged offense." However, another acceptable definition of alibi is "to offer an excuse". Webster's Third New International Dictionary, 1976. It is clear from the context in which the word "alibi" was used, that the defense counsel intended it to mean "to offer an excuse".

The majority's opinion goes on to say that if the defense counsel intended to show that the appellant did not possess

the necessary culpable mental state to be guilty of the crime charged, then the defense counsel failed to proffer any testimony or evidence. The Uniform Rules of Evidence, Rule 103 (a) (2), Ark. Stat. Ann. § 28-1001 (Repl. 1979), states:

> In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer *or was apparent from the context within which the questions were asked.* [Emphasis added.]

The substance of the evidence was obvious, at least to me. Defense counsel was requesting a continuance because the codefendant's testimony would show that the appellant had no knowledge of the crime.

The presence of the codefendant was very material to the appellant's defense. The testimony of the codefendant was to be offered not on a collateral issue, but on the central issue of whether the appellant was guilty of the crime charged. The testimony of the codefendant would have tended to prove that the appellant had no knowledge of the crime charged. As was said in *Blackwell* v. *State*, 42 Ark. 273 (1883):

> What influence it might have had upon the jury, if admitted, we do not know. We can not undertake to say that they would have convicted appellant, if the excluded evidence had been admitted. It is deemed safer to award a new trial.

The Arkansas Rules of Criminal Procedure, Rule 27.3, Ark. Stat. Ann. Vol. 4A (Supp. 1981), provides:

> The court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case.

In determining whether to grant the continuance, the

trial court must consider numerous factors, some of which are:

(1) Whether other continuances have been granted;

(2) the length of the requested delay;

(3) whether the requested delay is for legitimate reasons;

(4) whether the motion was timely filed;

(5) whether the defendant contributed to the circumstances giving rise to the requested delay;

(6) whether the denial of the delay would result in prejudice to the defendant's case of a material or substantive nature;

(7) whether the delay would be consistent with the fair, efficient, and effective administration of justice;

(8) the likelihood of procuring attendance of the witness in event of postponement; and

(9) the consent of opposing counsel.

No one of these factors is a prerequisite to the granting of a continuance, but they are factors to be considered by the trial court in deciding whether to grant the continuance. The question of whether a continuance should have been granted is within the discretion of the trial court, and the burden is on the appellant to show that there has been an abuse of discretion. *Thorne* v. *State*, 269 Ark. 556, 601 S.W.2d 886 (1980); *Golden* v. *State*, 265 Ark. 99, 576 S.W.2d 955 (1979); *Kelley* v. *State*, 261 Ark. 31, 545 S.W.2d 919 (1977); *Thacker* v. *State*, 253 Ark. 864, 489 S.W.2d 500 (1973).

Under the Arkansas Rules of Criminal Procedure, Rule 27.3, Ark. Stat. Ann. Vol. 4A (Supp. 1981), the requirement of an affidavit is no longer an essential prerequisite for the granting of a continuance, as it was under Ark. Stat. Ann. § 43-1706 (Repl. 1977) and Ark. Stat. Ann. § 27-1403 (Repl.

1979). As long as the requirement of good cause is shown, it makes no difference what method is used. I agree with Chief Justice Fogleman's concurring opinion in *French* v. *State*, 271 Ark. 445, 609 S.W.2d 42 (1980), in which he said:

> Section 27-1403 was made applicable to criminal proceedings by § 190 of the Criminal Code of 1869 [Ark. Stat. Ann. § 43-1706 (Repl. 1977)]. Section 27-1403 was a part of the Civil Code of 1869. We have adopted comprehensive new Rules of Criminal Procedure and of Civil Procedure. Although 27-1403 is not mentioned in the supersession order entered when the Rules of Civil Procedure were adopted, those rules include Rule 40 (b) which merely provides that the court may, upon motion and for good cause shown, continue any case previously set for trial. The Reporter's notes state that the motion for continuance does not have to be in writing. There is no provision in the current Arkansas Rules of Criminal Procedure similar to Ark. Stat. Ann. § 43-1706. I do not see how § 27-1403, at least as applied to criminal cases, can be said to have survived.

Further, even if for some reason Ark. Stat. Ann. § 43-1706 (Repl. 1977) and Ark. Stat. Ann. § 27-1403 (Repl. 1979) should still be in existence and controlling, no affidavit was required in the case at bar, since the State did not require defense counsel to support his motion for a continuance by affidavit. *See, Venable* v. *State*, 177 Ark. 91, 5 S.W.2d 716 (1928).

The majority has decided that the probable testimony of the absent codefendant, when viewed in the light of appellant's statement and the other evidence against him, would not have helped him. I thought that the weighing of evidence and the inferences to be drawn from it, were the province of the jury, not the appellate courts. I would reverse and remand for a new trial.