John Willie DREW *v.* STATE of Arkansas

CA CR 82-184                                    648 S.W.2d 836

Court of Appeals of Arkansas
Opinion delivered April 13, 1983

*Eugene Hunt, P.A.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. John Willie Drew appeals from his conviction of the crimes of aggravated robbery and theft of property of a value in excess of $100 for which he was sentenced to terms of 20 and 5 years respectively, said sentences to run consecutively. He contends that the jury's verdict was not supported by the evidence, that the court erred in denying his motions for a directed verdict and a mistrial and in permitting the trial to be had upon a charge of theft of property. We find no merit to any of these contentions and affirm the conviction.

Appellant contends that the verdict was not supported by substantial evidence and that the trial court erred in denying his motion for a directed verdict at the close of the State's case in chief. As that motion was not renewed at the close of all of the evidence, the sufficiency of the evidence is to be determined from the entire record and viewed in the light most favorable to the appellee. *Christian v. State*, 6 Ark. App. 138, 639 S.W.2d 78 (1982); *Chandler v. State*, 264 Ark. 175, 569 S.W.2d 660 (1978). The appellant does not contend that the two offenses did not occur. The testimony of the victim established the requisite elements for aggravated robbery and theft of property. Appellant simply argued that there was no substantial evidence to connect him with that crime. The victim testified that on the evening in question she left her place of employment at about 7:00 p.m. She walked to her car which she had parked some distance away in an abandoned service station. Upon reaching her car she discovered that it was locked and while unlocking it she was grabbed from behind and dragged to the rear of the service station. She testified that the assailant held a knife at her throat and told her that if she did not keep quiet he would kill her. She testified that the assailant attempted to rape her but he was unable to do so because she fought him off. She stated that she struggled with her attacker for a period of time that she estimated to be from twenty to thirty minutes but told the jury that it seemed like an hour. During the struggle she was knocked to the ground several times, partially disrobed, and at times both she and her attacker were on the ground. She stated that the attacker wore a face mask but she was able to observe that he was a black man with a goatee type beard wearing a wool type hat and that he was a little taller than she was and of slim build. She testified that when she was first attacked she had told the assailant that she would give him her money if he would let her go. After struggling with him for a considerable period of time she stated that he told her that he would let her go if she gave him the money. He took in excess of $100 cash from her.

After the assailant fled in the direction of "Second and Pine" the victim then clothed herself, went to her car and drove home. She estimated that it took from five to ten minutes to make that trip and that after talking to her

husband for a minute or more he immediately called the police. Police Officer Jarrod testified that on the night in question he observed the appellant running from the area where Ms. Hayes. had been attacked. He observed the appellant running "from Second and Pine Streets" and followed him until he lost sight of him. He stated that there had been some break-ins in the area from which appellant had been running, so he turned around and went several blocks to investigate a building. A short time after his arrival he received a dispatch from the police department concerning the attack on the victim. According to the police record the dispatch was given out at 7:50 p.m. Considering the testimony of the victim as to the length of the struggle, the time it took her to drive home and make the call and the time at which the police dispatch was received by the officer the jury could reasonably infer that the appellant was fleeing the scene of the attack at the time the police officer observed him. The police officer testified that at the time he saw him he had on a wool cap and a beard. The victim testified that her attacker had a goatee. The appellant admitted on the stand that at the time in question he had worn a goatee.

The police officers made plaster casts of tennis shoe prints found at the scene of the attack. The scene of the attack took place at the filling station in an area that was covered with oil and sand grit. Scientific evidence was presented that there was a "close fingerprint between the soil samples from the crime scene and those on appellant's clothing." It was stated that the oily material from the scene and that from his clothing was consistent and of the same composition. There was scientific evidence that the shoes taken from the appellant at the time of his arrest when compared to the prints taken at the scene were consistent as to size, dimension and pattern including degree of wear.

The appellant admitted to having been near the scene of the attack but denied that he had been a participant in it.

The appellant argues that "all of the evidence presented was circumstantial and as such must exclude every other reasonable hypothesis except the guilt of the defendant." There was direct evidence in the record placing him at the

scene of the crime close to the time of its commission. While the victim was not able to identify him in court as her attacker she was able to accurately describe his physical appearance. She testified that her attacker fled "down Second and Pine" and there was direct evidence that the accused was seen running down "Second and Pine." Furthermore, the fact that evidence is circumstantial does not render it insubstantial as the law makes no distinction between direct evidence of a fact and circumstances from which a fact may reasonably be inferred. *Cooper* v. *State*, 275 Ark. 207, 628 S.W.2d 324 (1982); *Small* v. *State*, 5 Ark. App. 87, 632 S.W.2d 448 (1982). For circumstantial evidence to be sufficient it must exclude every reasonable hypothesis consistent with innocence, but the question of whether it does exclude other reasonable hypotheses is usually for the factfinder to determine. Although the jury should be instructed that circumstantial evidence must be consistent with the guilt of the defendant and inconsistent with other reasonable conclusions, that is not the standard by which we review the evidence. Our responsibility is to determine whether the verdict is supported by substantial evidence and determine whether the jury could have reached this conclusion without resort to speculation or conjecture. *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981); *Ward* v. *State*, 6 Ark. App. 349, 642 S.W.2d 328 (1982).

We cannot say from an examination of this record that the finding of the jury is not supported by substantial evidence.

Although the victim was unable to identify appellant as her attacker at the trial, shortly after the arrest she did pick him out of a line-up conducted at the police station. The trial court suppressed that identification because of the manner in which it was conducted and the prejudice which might result if the jury knew that several other women who had been attacked in a similar manner on the same night had also attended that line-up and made identifications. The prosecuting attorney agreed that it should be suppressed for those reasons. During the case in chief the prosecution made no mention of that line-up. During the cross-examination of one of the police officers called on behalf of the State,

appellant's counsel made mention of the line-up and of its composition, suggesting the unfairness of it in that some of those participants were of different size and build from the appellant. During his cross-examination of the victim appellant's counsel, in vigorously testing her memory of the account and particularly of the physical characteristics of the attacker, asked her the following questions:

Q. Now Mrs. Hayes as a matter-of-fact, you don't know if your assailant had a beard or not do you?

A. Yes he had a beard.

Q. And you saw it with your glasses off?

A. I could see that he had this beard. And, then . . . , I picked him out of the line-up.

MR. HUNT: Your Honor, your Honor, I'm going to object to that. I move for a mistrial. Now he should have instructed his witness . . .   .

THE COURT: Now the jury will disregard any reference to an alleged line-up, and motion for mistrial is denied.

MR. HUNT: Your Honor, the prosecution should have instructed his witness.

THE COURT: Well I've already told the jury, now you proceed.

MR. HUNT: Court's rule that that was inadmissible.

MR. GIBSON: Your Honor, I'm not required to instruct her how to testify. He is the one who asked the question.

A mistrial is an extreme and drastic remedy which should be resorted to only when there has been an error so prejudicial that justice could not be served by continuing the trial and there is no other method by which the prejudice can

be removed. When an objection is made by counsel and that objection is sustained and followed by an admonition by the presiding judge to the jury, the prejudicial statement is cured. *Brewer* v. *State,* 269 Ark. 185, 599 S.W.2d 141 (1980). The trial judge is vested with considerable discretion in acting on motions for mistrial and his exercise of that discretion will not be reversed in the absence of manifest abuse. This broad discretion is vested in the trial court because of its superior position to judge the possibility of prejudice. The fact that the answer was not responsive to the question is important in that it shows that there were no deliberate efforts to bring in the inadmissible testimony. Moreover, the court's admonition was prompt, clear and emphatic. At the close of the testimony he again instructed the jury that they must not question his ruling on the admissibility of evidence.

The appellant found no fault with the admonition given by the court; nor did he renew his request for mistrial at the time the jury was instructed the second time. If the appellant considered the admonition too weak he should have asked for a stronger one. He did not. We cannot conclude that the trial court abused its discretion in denying the motion for mistrial.

The appellant finally contends that the information filed by the State did not conform with the requirements of our law and he was unfairly placed on trial for a charge of theft of property. We agree with the trial court that the information gave sufficient notice to the appellant of the charges that he faced and that he had not been surprised.

Ark. Stat. Ann. § 43-1007 (Repl. 1977) provides a model form for an indictment and requires that it be substantially followed. Section 43-1008 (Repl. 1977) requires that the indictment must be direct and certain in regard to the person accused, the offense charged, the county in which the offense was committed and particular circumstances of the offense where they are necessary to constitute a complete offense. Ark. Stat. Ann. § 43-1012 (Repl. 1977) provides that an information will not be affected by any defect which does not

tend to prejudice the substantial rights of the defendant on the merits.

The information on this case set out two separate offenses. It specifically set out in the statutory language of Ark. Stat. Ann. § 41-2203 (Repl. 1977) the requisite elements of aggravated assault — "that while armed with a deadly weapon and with the purpose of committing a theft and a sexual assault attempted to inflict death or serious physical injury upon Lorene Hayes, a Class Y felony." It further alleges in statutory language of Ark. Stat. Ann. § 41-2203 (Repl. 1977) all the elements of theft of property — "that he did then and there knowingly take and exercise unauthorized control over more than $100 in cash belonging to said Lorene Hayes with the purpose of depriving Lorene Hayes thereof, a Class C felony." The information very clearly accused the appellant of having committed two felonies and gave reasonable and concise notice of both charges brought against him. Even if the information was defective in some respect we fail to see how any prejudice could have resulted. The charge of both counts states the time, place, manner, and against whom the crimes were committed. He does not complain about the charge of aggravated assault. His contention for reversal revolves solely around the count of theft of property. His defense to both offenses was the same. He contended that he was not the person who attacked the victim. We find no error.

Affirmed.