. SCOTT *v.* STATE.

Opinion delvered December 12, 1896.

ACCOMPLICE—CORROBORATION.—The testimony of an accomplice that defendant stole some women's dresses and underwear is not sufficiently corroborated by proof that, on the day following the night on which the garments were stolen, defendant offered to sell to two witnesses a woman's dress and some women's underwear, without identifying them as part of the stolen goods.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

### STATEMENT BY THE COURT.

The appellant was indicted with one Charles Gowens in the Pulaski circuit court for and convicted of grand larceny, and appealed to this court. No exceptions were saved to the instructions of the court. The chief witness against the defendant was the said Charles Gowens, who was an accomplice, and was himself convicted of the offense. He testified that he and the defendant entered a room at the residence of Dr. Ayers, and took and carried away therefrom the goods which they were charged with stealing, consisting of ladies' dresses, gowns and underwear. The goods or part of them were found in the possession of Charles Gowens, after they were stolen, and he confessed that he was guilty, and stated that the defendant was also guilty. None of the goods were found in possession of the defendant, or at any place where he had left them. The only testimony offered to corroborate the testimony of Gowens, the accomplice, was that of two negro women of bad repute, who testified that on Saturday evening, about three o'clock, the day following the night on which the goods were stolen, the defendant

passed them at the corner of Fifth and Center streets, and that he had a bundle under his arm, which contained a ladies' black dress and some ladies' underwear, which he offered to sell them at $1.50.

There was no description otherwise of these articles, nor was there any evidence identifying them as part of the stolen goods. This was the substance of all the evidence.

*C. T. Lindsay* for appellant.

*E. B. Kinsworthy*, Attorney General, for appellee.

HUGHES, J., (after stating the facts.) "A conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other testimony tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof." Sand. & H. Dig., sec. 3230. There must be other evidence *tending to connect the defendant with the commission of the offense. Vaughan* v. *State*, 58 Ark. 365; *Polk* v. *State*, 36 Ark. 117.

As there is no evidence in this case tending to connect the defendant with the commission of the offense, save the statement of the accomplice, which was not corroborated as the law requires, the judgment is reversed, and the cause is remanded for a new trial.