David COSTON *v.* STATE of Arkansas

CA CR 83-103                          663 S.W.2d 187

Court of Appeals of Arkansas
Division II
Opinion delivered January 18, 1984
[Rehearing denied February 15, 1984.]

*Boswell & Smith,* by: *Ted Boswell,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was convicted by a jury of first degree battery and manufacturing marijuana with intent to deliver. He was sentenced to five and ten years respectively, with the sentences to run consecutively. From that decision, comes this appeal.

On September 14, 1982, Britt Coleman received a shotgun blast to the face in rural Clark County. Coleman alleged that at the time he was shot, he and the appellant were harvesting marijuana which they had been growing. Coleman was allegedly ambushed and shot by a close friend of the appellant, Mark Kaufman, who received wounds from a shotgun and knife at the hands of Coleman. The appellant was charged as an accomplice of Coleman in the marijuana growing operation and as an accomplice of Mark Kaufman in the battery upon Coleman.

For reversal, the appellant first argues that there was insufficient evidence presented at his trial to corroborate the accomplice testimony of Britt Coleman so as to sustain his conviction for manufacturing marijuana with intent to deliver. We disagree.

Arkansas Statutes Annotated § 43-2116 (Repl. 1977) requires corroboration of accomplice testimony by other evidence which tends to connect the defendant with the commission of the offense. In *Rhodes* v. *State,* 276 Ark. 203, 634 S.W.2d 107 (1982), the Arkansas Supreme Court, referring to such corroborating testimony, stated:

> It is unnecessary that the evidence be sufficient to sustain the conviction but the evidence must, independent from that of the accomplice, tend to a substantial degree to

connect the defendant with the commission of the crime. *King* v. *State*, 254 Ark. 509, 494 S.W.2d 476 (1973). . . .

Where circumstantial evidence is utilized, all facets of the evidence can be considered to constitute a chain sufficient to present a question for the resolution by the jury as to the adequacy of the corroboration. *Klimas* v. *State*, 259 Ark. 301, 534 S.W.2d 202, cert. den. 429 U.S. 846 (1976). The court does not look to see whether every other reasonable hypothesis but that of guilt has been excluded. *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981).

In our review of the evidence which tends to corroborate the testimony of Britt Coleman, we find sufficient evidence to satisfy the standard enunciated above. It is significant that after contacting the Clark County Sheriff's Department in the early morning hours of September 16, 1982, in order to modify an earlier statement made to officers investigating the shooting and stabbing of Mark Kaufman, the appellant led the officers to where the marijuana was being grown. Also, the appellant testified at his trial that he and Mr. Coleman had enjoyed contacts together for sometime, that he was aware of what Coleman was doing in that area, that he was aware Coleman had grown marijuana for several years, and that he had even taken a friend, Mark Kaufman, to the area where the marijuana was being cultivated. Hence, the appellant, through his statements, acts, and subsequent testimony, supplied a large part of the corroboration necessary to sustain his conviction.

Next, the appellant argues that the admission of the hearsay statement of Mark Kaufman, as related by Officer Don Wesson, over the appellant's objection, denied him the right to confront and cross-examine witnesses against him, in violation of his Sixth and Fourteenth Amendment rights.

The appellant's trial counsel cross-examined Officer Wesson concerning a portion of his notes taken when interviewing Mark Kaufman at Ouachita Memorial Hospital in Hot Springs. On redirect, the prosecutor asked Officer Wesson to continue reading from his notes. Officer Wesson

related Kaufman's statement to the effect that the gun he had used in shooting Coleman was the appellant's and the appellant was in the woods with him at the time he shot Coleman. Trial counsel for the appellant made a rather vague objection after this testimony was elicited. No ruling on the objection was made by the trial court. No motion to strike the testimony was made.

It is well-settled that one who opens up a line of questioning or who is responsible for an error should not be heard to complain of that for which he is responsible. *Berry* v. *State*, 278 Ark. 578, 647 S.W.2d 453 (1983). Likewise, failure to timely object to a question results in a waiver of such right. *Washington* v. *State*, 276 Ark. 140, 633 S.W.2d 24 (1982). Also, the objection must be sufficiently specific as to the particular error to which the objection is made. *Crafton* v. *State*, 274 Ark. 319, 624 S.W.2d 440 (1981).

The substance of the hearsay statement of Kaufman had already been presented at the appellant's trial through the testimony of Coleman and the fact that the appellant had loaned his .16 gauge shotgun to Kaufman was later testified to by the appellant himself. The presence of the appellant's pick-up truck near the scene of the marijuana patch and shooting as well combine to make the error, if in fact one exists, harmless. Also, the failure of the appellant to specifically object to the testimony or request corrective measures, leads us to conclude no reversible error occurred.

Finally, the appellant argues there was no evidence presented from which a jury could have concluded the appellant conspired with or assisted Mark Kaufman in shooting Britt Coleman. We find that Coleman's testimony, as corroborated by the evidence set out above, is more than ample to support the appellant's conviction. In criminal cases we review the evidence in the light most favorable to the appellee and if there is substantial evidence to support the verdict, we affirm. *Phillips* v. *State*, 6 Ark. App. 380, 644 S.W.2d 288 (1982). From our review of the record we find substantial evidence to support the verdict of the jury and therefore affirm.

Affirmed.

GLAZE, J., agrees.

MAYFIELD, C.J., concurs.

MELVIN MAYFIELD, Chief Judge, concurring. I concur in the affirmance of this case, but first I want to call attention to the fact that counsel for appellant on appeal was not counsel for appellant at the trial of this case. Secondly, there are a number of matters mentioned in appellant's brief relating to the effectiveness of trial counsel which raises considerable doubt in my mind as to whether appellant received a fair trial. Most of these matters, however, are not urged as grounds for new trial, undoubtedly because present counsel knows that the Arkansas Supreme Court has "reiterated time and again that the effectiveness of counsel may not be raised for the first time on appeal." *Sumlin* v. *State,* 273 Ark. 185, 192, 617 S.W.2d 372 (1981). But aside from effectiveness of counsel, it is argued that there was a proper objection to the hearsay statement of Mark Kaufman. Moreover, appellant contends that even if there was no proper objection, this evidence violated his right of confrontation guaranteed by the Sixth Amendment to the Constitution of the United States, and that the matter comes within one of the exceptions set out in *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980), allowing errors to be raised for the first time on appeal.

Rule 103 of our Uniform Rules of Evidence provides that error may not be predicated upon a ruling which admits evidence unless "a timely objection or motion to strike appears of record stating the specific ground of objection, if the specific ground was not apparent from the context." Here the specific ground of objection was certainly apparent because Officer Wesson was clearly asked to read from an out-of-court statement made by Mark Kaufman. The objection, however, was not made until the officer had read the objectionable part of the statement and then there was no motion to strike. The failure to move to strike the evidence was a failure to ask the court to rule on the matter and, although it has given me much concern, I have been unable to find

sufficient reason why it should be excused under any exception set out in *Wicks* v. *State.*

I do wish to disassociate myself from any idea that my decision is persuaded by the majority's reliance on the rule that one who opens up a line of questioning or is responsible · for an error should not be heard to complain of that for which he is responsible. While it is true that counsel for appellant asked Officer Wesson to read a portion of Kaufman's statement, this did not make the rest of that statement admissible. In *Henson* v. *State,* 239 Ark. 727, 732, 393 S.W.2d 856 (1965), the court said:

> The state defends the introduction of this evidence on the basis of the fact that appellant had first offered specific instances of good behavior, thus opening the door for the prosecution to offer specific instances of bad behavior as a matter of counteracting appellant's testimony. However, two wrongs do not make a right. The evidence offered by appellant was clearly inadmissible, but this did not justify the state in offering inadmissible evidence.