John David COSTON *v.*
STATE of Arkansas

CR 84-52                                          671 S.W.2d 738

Supreme Court of Arkansas
Opinion delivered July 9, 1984

*Boswell, Smith & Clardy*, by: *Ted Boswell*, for appellant.

*Steve Clark*, Atty. Gen., by: *Velda West Vanderbilt*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. The appellant's convictions for first degree battery and manufacturing a controlled substance with intent to deliver were affirmed by the Court of Appeals. *Coston* v. *State*, 10 Ark. App. 242, 663 S.W.2d. 187 (1984). Without seeking permission from this court, the appellant filed a petition for post-conviction relief in the trail court alleging ineffective assistance of counsel. After a hearing on the petition, the trial court denied relief. This is an appeal from that ruling.

We are dismissing the appeal because appellant failed to adhere to A.R.Cr.P., Rule 37.2(a), which provides:

> If the conviction in the original case was appealed to the Supreme Court, then no proceedings under this rule shall be entertained by the circuit court without prior permission of the Supreme Court.

After the State pointed out appellant's failure to comply with that rule, appellant responded with a reply brief and a "Motion for Permission to Proceed under A.R.Crim.P. 37, *Nunc Pro Tunc.*" In both he concedes that no permission to proceed was sought from us but, in his reply brief, contends that no such permission was needed since his original appeal was not to the Supreme Court. That argument reflects a strained reading of the rule and ignores the fact that once a case is appealed, the trial court's jurisdiction is lost and cannot be regained without our permission. *See Mitchell* v. *State*, 232 Ark. 371, 337 S.W.2d 663 (1960). Rule 37.2(a) clearly limits the jurisdiction of the trial court in post-conviction proceedings. *See Fink* v. *State*, 280 Ark. 281, 658 S.W.2d 359 (1983). The petition to proceed is absolutely required. *Knappenberger* v. *State*, 278 Ark., 382, 647 S.W.2d

417 (1983). The petition must be reviewed by us to determine if it has merit. If it does not state grounds a hearing is not in order. *Hayes* v. *State,* 280 Ark. 509, 660 S.W.2d 648 (1983).

Nor can we consider appellant's petition to proceed *nunc pro tunc,* because we cannot grant jurisdictional relief *nunc pro tunc.* Moreover, the petition, if we were to consider it, would be denied because it states no grounds at all for post-conviction relief. A.R.Cr.P., Rule 37.2(b); *Ford* v. *State,* 278 Ark. 106, 644 S.W.2d 252 (1982). The improperly pursued appeal, and the appeal brief which may state grounds for relief, cannot be bootstrapped to the untimely peition in order to correct appellant's procedural errors.

The appeal is dismissed. The appellant has three years from the date of judgment to file a proper petition in this court. A.R.Cr.P., Rule 37.2(c).

Dismissed.

PURTLE, J., dissents.

DUDLEY, J., not participating.

JOHN I. PURTLE, Justice dissenting. Appellant filed a petition for a Rule 37 hearing in the trial court where it was heard without objection from the state. The case was fully developed and the trial court denied the requested relief. Timely notice of appeal was given and the record was prepared and presented to this court where it was accepted After appellant's brief was filed the state then moved tc dismiss because permission of this court was not first obtained. The reason for granting permission by this court is that the original conviction was appealed to the Court of Appeals. There has been no prejudice and the petition was obviously filed in good faith.

In the interest of judicial economy and justice we should consider this case on its merits. Now appellant must file a petition to proceed in this court and if granted go back to the circuit court and redo the whole thing. If all parties agree they may stipulate the record to be the same and use the same briefs on appeal. We would then consider the same facts and issues we now have before us.