Harvey Dale JONES *v.* STATE of Arkansas

CR 83-52 and CR 84-165                    767 S.W.2d 738

Supreme Court of Arkansas
Opinion delivered October 8, 1984

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by *Marci L. Talbot,* Asst. Atty. Gen., for appellee.

PER CURIAM. Petitioner Harvey Dale Jones and co-defendant Rickey Moore were each found guilty by a jury of two counts of aggravated robbery and one count of attempted capital murder. Each man was sentenced to terms of 15 years imprisonment on each count of aggravated robbery and 13 years for attempted capital murder. On appeal, we reversed the convictions for attempted capital murder but affirmed the convictions for aggravated robbery. *Moore & Jones* v. *State,* 280 Ark. 222, 656 S.W.2d 698 (1983). Petitioner Jones now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule

37. [Moore filed a separate postconviction petition which was recently denied by this Court. CR 83-52 (September 17, 1984).]

Petitioner alleges that the witnesses at his trial were unable to identify him conclusively and that they gave conflicting, inconsistent testimony regarding their identification of him. The allegations are essentially an attack on the sufficiency of the evidence adduced at trial. As such, the assertions are not grounds for relief under Rule 37. Challenges to the weight of the evidence are direct attacks on the judgment which must be made at trial and on direct appeal, not in a petition for postconviction relief. *McCroskey* v. *State*, 278 Ark. 156, 644 S.W.2d 271 (1983).

Petitioner next alleges that his trial counsel was ineffective for failing to "attempt or to direct cross-examine state witness Lonetta Chism." Since petitioner does not say what counsel should have asked the witness, we cannot assess whether there was any prejudice to him. Petitioner also alleges that counsel had a conflict of interest, but he again fails to explain the nature of the conflict or how he was prejudiced by it. Allegations without factual support and a showing of prejudice do not warrant an evidentiary hearing. *Jeffers* v. *State*, 280 Ark. 458, 658 S.W.2d 869 (1983).

With this petition we are also considering petitioner's attempt to appeal the denial of a Rule 37 petition by the trial court. In May, 1984, after his conviction had been affirmed on appeal, petitioner filed a postconviction petition in circuit court. The petition was denied pursuant to Rule 37.2(a) which provides that once a case has been appealed, no proceeding under the rule shall be entertained by the circuit court without prior permission of this Court. We find that the trial court was correct in its conclusion that it had no jurisdiction to consider the Rule 37 petition once the case was appealed; therefore, the appeal, CR 84-165, is dismissed. *Coston* v. *State*, 283 Ark. 155, 671 S.W.2d 738 (1984).

Petition denied; appeal dismissed.