Charles "Tubby" WILSON
*v.* STATE of Arkansas

CR 84-219                                             686 S.W.2d 414

Supreme Court of Arkansas
Opinion delivered March 25, 1985

272

*Felver A. Rowell, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This appeal is from the denial of separate motions for new trial in two different cases involving Charles "Tubby" Wilson, the appellant. The first case was a prosecution for theft by receiving and the second was for felon in possession of a firearm. This appeal is before us under Sup. Ct. R. 29(1)(e) as the motions seek relief under Ark. R. Crim. P. 37.

The facts are as follows: Wilson, a previously convicted felon, was charged with theft by receiving. At the trial one of the State's witnesses, Jimmy Hern, testified that he burglarized several houses, stealing mostly guns, stereos and televisions. He stated that he took some guns and a stereo to the appellant who gave him marijuana in exchange. Wilson's wife testified that Hern brought guns only to their house, but that the appellant loaned Hern money and kept the guns merely as security on the debt. The appellant was convicted, sentenced to 15 years imprisonment and fined $15,000. That conviction has been affirmed. *Wilson .v State,* 10 Ark. App. 176, 662 S.W.2d 204 (1983).

Because numerous shotguns, rifles and handguns were found in his home when the officers were searching for stolen property, a separate charge was filed for a felon being in possession of firearms. During the course of a trial on this separate charge, Hern changed his testimony and stated that he left the guns with the appellant in exchange for money which the appellant and his wife loaned to him. Hern's testimony at the second trial was similar to Mrs. Wilson's

testimony at the first trial. The appellant was convicted of the second charge.

The appellant filed two motions for relief which are consolidated for appeal. The first motion seeks a new trial on the theft by receiving charge on the basis of the change in Hern's testimony. The second motion for new trial claims error in permitting the prosecution to inquire into the theft by receiving conviction during the course of the felon in possession trial in that "said inquiries were erroneous and their prejudicial effect far outweighed their probative value."

Both motions filed by the appellant seek relief under Ark. R. Crim. P. 37.1(d) which provides that a prisoner may file a motion seeking a new trial if the sentence is otherwise subject to collateral attack. Rule 37.1, however, only applies to a prisoner "whose case was not appealed to the Supreme Court."

Rule 37.2(a), as amended by this court, provides:

> (a)   If the conviction in the original case was appealed to the Supreme Court or Court of Appeals, then no proceedings under this rule shall be entertained by the circuit court without prior permission of the Supreme Court.

*In Re: Amendment of Rule 37.2(a) of the Rules of Criminal Procedure,* 283 Ark. 559 (1984).

The appellant's conviction for theft by receiving was affirmed by the Court of Appeals. We have held that "once a case is appealed, the trial court's jurisdiction is lost and cannot be regained without our permission . . . Rule 37.2(a) clearly limits the jurisdiction of the trial court in post-conviction proceedings . . . The petition to proceed is absolutely required. (citations omitted)." *Coston* v. *State,* 283 Ark. 155, 671 S.W.2d 738 (1984). Since the petitioner failed to seek prior permission from this court to proceed under Rule 37, the trial court was without jurisdiction to hear the appellant's motion for new trial on the theft by

receiving charge. The appeal from the first conviction is accordingly dismissed.

The appellant's second Rule 37 petition was properly submitted to the trial court since the conviction for felon in possession of a firearm has not been appealed to the Supreme Court or to the Court of Appeals. The appellant argues that it was error for the trial court to allow the prosecution in this case to inquire into the conviction received by the appellant for theft by receiving. This argument is based on the assumption that the trial court would grant appellant's motion for new trial in the theft by receiving case. Since the trial court did not grant the motion for new trial and we are dismissing the appeal of the motion for a new trial, appellant's argument is moot.

Dismissed in part; affirmed in part.