Phyllis Renee LIPSMEYER *v.* STATE of Arkansas

CA CR 85-55                                         695 S.W.2d 848

Court of Appeals of Arkansas
Opinion delivered September 18, 1985

*William R. Simpson, Jr.*, Public Defender, by: *Jerry R. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. Appellant was convicted of burglary and sentenced to five years in the Arkansas Department of Correction. Appellant contends that she was convicted solely on the uncorroborated testimony of an accomplice and that her conviction should be reversed and dismissed. We affirm.

The Vandiver home was burglarized on 8 March 1984. The family discovered the break-in when they returned home from an out-of-town trip. The evidence showed that there were pry marks on the back door of the residence and that numerous items of personal property were missing. In addition, Mrs. Vandiver's car had been burned.

The State's main witness, Jay Lasiter, testified that he and appellant went to the Vandiver home on the night of March 8, and that after he quieted down the family's dogs, appellant entered the residence. Lasiter further testified that, when appellant exited the house, she was carrying a garbage bag full of different items, including clothing. He stated that he, appellant and a person named "Buddy" went back to the Vandiver house, and while he again stayed outside, appellant and "Buddy" went inside, and

later came out with more property. Lasiter testified that, later that night, appellant asked him if he had any gasoline at his house. He told appellant he did, and she asked him to meet her later at the Vandiver's. Lasiter testified he saw appellant at the Vandiver's, where a car was on fire. Lasiter said that, on the following day, he and appellant decided to call the Vandiver's answering service and implicate someone else in the crimes.

Where the State relies on the testimony of an accomplice to support a conviction, that testimony must be corroborated by other evidence which tends to connect the accused with the commission of the offense, and it is not sufficient to show that the offense was committed and the circumstances of the offense. Ark. Stat. Ann. § 43-2116 (Repl. 1977). The test for determining whether the corroborating evidence is sufficient is if, taken independently of the accomplice's testimony, the evidence establishes the crime and tends to connect the accused with its commission. *Linell* v. *State*, 283 Ark. 162, 671 S.W.2d 741 (1984); *Walker* v. *State*, 13 Ark. App. 124, 680 S.W.2d 915 (1984). Here, the evidence clearly shows that a burglary was committed, but appellant contends that, outside of the testimony of Jay Lasiter, the State failed to connect her with the burglary.

The State's evidence connecting appellant with the crime centers on the testimony of Mrs. Vandiver and her fourteen-year-old son, Michael. Both testified that, while they were driving down a street in their neighborhood, about one month after the burglary, they saw appellant wearing a hat and jacket that belonged to Michael. They said these articles were in their house before the burglary. Michael testified that, when he asked the appellant where she had gotten the hat and jacket, she replied that she must have gotten them from Jay Lasiter. Appellant submits on appeal that, because there were inconsistencies in Mrs. Vandiver's and Michael Vandiver's descriptions of the hat and jacket, there was no substantial evidence that the items in appellant's possession were those stolen from the Vandivers, and therefore, there was no sufficient corroborating evidence connecting her with the crime.

Appellant acknowledges that it is proper to consider possession of stolen property by the accused in determining whether there is sufficient corroborating evidence tending to

connect the accused with the crime of burglary. *See Thacker* v. *State*, 253 Ark. 864, 489 S.W.2d 500 (1973). That rule, appellant argues, is not conclusive here because the possession of stolen property is not sufficient, standing alone, to corroborate the testimony of the accomplice, when the property is not sufficiently identified at trial. In support of her argument, she relies on *Scott* v. *State*, 63 Ark. 310, 38 S.W.2d 339 (1896) and *Olles* v. *State*, 260 Ark. 571, 542 S.W.2d 755 (1976). In *Scott*, except for the accomplice's testimony, the State was unable to connect the defendant with the stealing of some ladies' dresses, gowns and underwear. While two witnesses testified that Scott, one day after the crime, offered to sell them a dress and some ladies' underwear, there was no evidence identifying those clothes as part of the women's wear stolen earlier. The court, finding the witnesses' testimonies insufficient corroborating evidence, held accordingly that the accomplice's testimony was insufficient to connect Scott with the crime. The *Olles* decision turned on an entirely different series of events. There the accomplice testified that she, her uncle and Olles committed a burglary. The only circumstance connecting Olles with the crime was that some of the stolen merchandise was recovered from his and the accomplice's home. The supreme court held that the mere fact that some of the stolen goods were recovered from the dwelling shared by the accused and the accomplice, whose participation in the crime was admitted, was not sufficient corroboration, standing alone, even though it certainly would arouse a suspicion. 260 Ark. at 576.

The instant case is unlike either *Scott* or *Olles*. Mrs. Vandiver and her son testified the appellant was wearing a hat and jacket that belonged to Michael and that these clothes were missing since the burglary. No discrepancy appeared in their description of the hat worn by appellant although Michael described the jacket worn by appellant as a "red Ocean Pacific" jacket and his mother identified it as a "red Izod."[1] While Mrs. Vandiver and Michael gave slightly different descriptions of the stolen jacket, it is a settled rule that the resolution of inconsistencies in the evidence adduced at trial, and the credibility of

---

[1] The Vandivers both identified the hat as one purchased at a Hot Spring's store; their testimony differed only in that Mrs. Vandiver recalled it was the only one like it in the store while Michael believed others were available.

witnesses and the weight to be given their testimony, is wholly within the province of the jury. *Thomas* v. *State*, 266 Ark. 162, 583 S.W.2d 32 (1979).

The evidence submitted in corroboration of the accomplice's testimony does not have to be sufficient by itself to convict, but it must tend, to a substantial degree, to connect the defendant with the commission of the offense. *Coston* v. *State*, 10 Ark. App. 242, 663 S.W.2d 187 (1984). The jury was free to accept or reject Lasiter's story, *Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984), and to determine that the clothing the appellant was wearing had been sufficiently identified as belonging to Michael Vandiver. On appeal, a jury's verdict will not be disturbed if it is supported by substantial evidence. *Tackett* v. *State*, 12 Ark. App. 57, 670 S.W.2d 824 (1984). We cannot conclude that the verdict of the jury was not supported by substantial evidence, and therefore, we affirm.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.