

FILED
**October 19, 2015**
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00080-CV
7142454
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/29/2015 11:36:26 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00080-CV

_____

IN THE COURT OF APPEALS
THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS

_____

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/29/2015 11:36:26 AM
JEFFREY D. KYLE
Clerk

GATTIS ELECTRIC, INC.

*Appellant*,

v.

THERESA MARIE MANN, INDIVIDUALLY, AND AS GUARDIAN OF THE
PERSON AND ESTATE OF JAMES LAWHON,

*Appellee*.

_____

On Appeal from the 126th Judicial District Court
of Travis County, Texas
Trial Court No. D-1-GN-12-001971

_____

**APPELLANT'S MOTION FOR REHEARING
AND MOTION FOR EN BANC RECONSIDERATION**

_____

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant, Gattis Electric, Inc., pursuant to Texas Rules of Appellate
Procedure 47.1, 49.1 and 10.5(b), respectfully requests this Court to rehear this
case, or grant en banc reconsideration, for several important reasons.

## A.    Summary.

What is the nature of the duty owed by a subcontractor to a downstream subcontractor? This Court says the duty is one of ordinary negligence, equivalent to the duty that would apply between an employer and its employee. The Court also suggests that for a plaintiff to recover in negligence from an upstream subcontractor, he does not have to secure a jury finding that the subcontractor controlled the means and methods of the plaintiff's injury-producing work. The Court is incorrect on both counts. Indeed, the Court's opinion fails to discuss the control issue at all.

Here, Appellant Gattis was an electrical subcontractor on a remodeling job. The plaintiff, Appellee Lawhon, worked for Kosich, a subcontractor of Gattis. Lawhon was injured when he attempted to move a lighted "exit" sign (at the fire marshal's request) without first cutting electrical power to the sign. Lawhon submitted Gattis's conduct to the jury as an ordinary negligence question. Further, he did not submit a jury issue on whether Gattis controlled the injury-producing work, even though control was heavily disputed by Gattis (and the jury expressly found that another party controlled the work).

Contrary to the Court's decision, the duty owed by a subcontractor in Gattis's position is not the ordinary negligence duty sometimes applicable in the employment context. Lawhon was not Gattis's employee, and the Court should

2

not treat him like one. Not once did Lawhon argue—in the district court or this Court—that he was anything other than an independent contractor. And, assuming it was ever appropriate to charge the jury with an ordinary negligence question under the present facts, it remained the plaintiff's burden to prove that the subcontractor controlled the plaintiff's injury-producing work. We know this because, among other reasons, the subcontractor's duty of care is necessarily linked to, and commensurate with, the control it retains or exercises over a plaintiff's work. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 783 (Tex. 2001). Lawhon did not prove that Gattis controlled the injury-producing work. The Court should take a second look at this case and reverse the judgment.

**B.    Lawhon was Gattis's independent contractor, not an employee. The Court erred in failing to apply independent contractor law to this case.**

The Court refused to apply Texas' long established body of independent contractor law because Gattis was "not the property owner or the general contractor." (Op. at 10). In the Court's view, the duties applicable in the independent contractor area apply only to those who occupy positions of "property owner" or "general contractor." (Op. at 10). Gattis was the electrical subcontractor and, thus, the Court said, owed a general duty of ordinary care. In so holding, the Court ignored the fundamental nature of the relationship between the plaintiff and defendant, which is one of independent contractor. The moniker used to describe Gattis, whether "general contractor" or "subcontractor," is not

3

determinative. What is important is the position Lawhon occupied in relation to Gattis, which, here, is plainly a contractor—not an employment—relationship.

Lawhon was one of four workers supplied on a per job, contractor basis by another party, Kosich. (3 RR 90-92). During trial, all parties understood that Lawhon was an independent contractor. Lawhon never argued in the district court that he was Gattis's employee (the record establishes he was not). (3 RR 90-92, 150-51, 162, 198). Lawhon never offered sufficient evidence to establish an employer relationship with Gattis. Lawhon did not offer evidence that he was paid like an employee of Gattis.[1] And Lawhon did not submit a question asking the jury to decide whether Lawhon was Gattis's employee. Texas Pattern Jury Charges (General Negligence) 10.1 (2012). This case does not involve an employee relationship.

Setting aside for the moment the distinction between premises defect and negligent activity cases, the Texas Supreme Court long ago confirmed that when the relationship between the parties is one of independent contractor, the duty owed goes only so far as the control retained or exercised. *Lee Lewis*, 70 S.W.3d at 783; *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985). Those

---

[1] In fact, as shown by the W-2's Lawhon introduced, his employer during 2011 and 2012 was Jennings Electric Company, not Gattis. (Pl. Exs. 45H and 45J). The accident in question occurred in April 2012.

4

decisions are based on Section 414 of the Restatement (Second) of Torts, which the court adopted in *Redinger*. That section states:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

*Restatement (Second) of Torts* § 414 (1965).

As is facially apparent from its language, section 414's applicability is not limited only to "premises owners" or "general contractors." Rather, it applies expressly to "*one* who entrusts work to an independent contractor." *Id*. (emphasis added). That is exactly what Gattis did with Kosich and Lawhon—it "entrust[ed] work to an independent contractor." Thus, the correct framework for the duty Gattis owed is based on independent contractor law, as discussed in Appellant's briefing, irrespective of Gattis's status as a "subcontractor." Accordingly, the premises defect/negligent activity distinction is applicable to this case and the Court errs in rejecting it. No independent negligence duty existed as a matter of law. Because this is a premises defect case and Lawhon failed to submit it as one, Gattis is entitled to a reversal and rendition of judgment.

**C. Lawhon did not prove control by Gattis, which is fatal to recovery.**

Moreover, any duty Gattis owed is limited to whether Gattis exercised control with reasonable care. *Lee Lewis*, 70 S.W.3d at 783; *Redinger*, 689 S.W.2d

5

at 418. The issue of control as between Lawhon and Gattis was a question that should have been, and was required to be, resolved by the jury. *Lee Lewis*, 70 S.W.3d at 783; *Clayton W. Williams, Jr. v. Olivo*, 952 S.W.2d 523, 528-29 (Tex. 1997); *Mata v. Brooks Petroleum Co.*, No. 12-02-00075-CV, 2003 WL 1922851, at *3 (Tex. App.—Tyler 2003, pet. denied) (degree of control exercised is fact question for jury). However, Lawhon did not submit a control question as to Gattis, and the evidence of control was most definitely disputed. Having failed to secure a jury finding, Lawhon waived the issue unless the proof conclusively established control. TEX. R. CIV. P. 279.

Lawhon did not conclusively prove control as to Gattis, and did not conclusively prove Gattis failed to exercise any control with reasonable care. A "control" finding requires evidence that Gattis directed the "means, methods, and details" of Lawhon's work on the sign, to a degree more than "a general right to order the work to start or stop, to inspect its progress or to receive reports, to make suggestions or recommendations." *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 295 (Tex. 2004); *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002); *Shell Chem. Co. v. Lamb*, 493 S.W.2d 742, 746-47 (Tex. 1973); *Davis v. Fairfield Dev., Inc.*, No. 03-00-00223-CV, 2001 WL 660681, at *2 (Tex. App.—Austin 2001, pet. denied). Also important, it is the "injury-producing" work in question that Lawhon was obligated to prove Gattis controlled. *See Bright*, 89 S.W.3d at 606. That is,

6

Lawhon must have conclusively proven that Gattis controlled the means, methods, and details of Lawhon's work to move the exit sign on the day in question.

Lawhon did not present evidence, much less conclusive evidence, on this point, and the Court erroneously overlooked the resulting and significant evidentiary vacuum. The Court stated merely that Gattis was "responsible for the electrical work" on the job, and for "supervising Lawhon." (Op. at 10). Be that as it may, a general right to supervise does not come close to showing that a person controlled the "details, means, and methods" of a subcontractor's work. *See Koch Ref. Co. v. Chapa*, 11 S.W.3d 153, 156 (Tex. 1999). While Kosich's owner, Darrin Petru, testified that Gattis could have fired Lawhon, that fact is not probative of whether Gattis controlled the "details, means, and methods" of Lawhon's work. Moreover, the Court does not acknowledge that **Petru could have fired Lawhon too**. (3 RR 210). The Court also failed to analyze (or mention) other substantial evidence favoring Gattis. For example, **Petru was the "main boss" of Lawhon** and the three other workers provided by Kosich. (3 RR 151). And James Baldwin, one of the Kosich workers, specifically said that **Gattis did *not* direct their work**. (3 RR 190-91). There was no evidence that Gattis paid Lawhon as though he were its employee, and Lawhon conclusively proved he was employed by a third party. (Pl. Exs. 45H and 45J). Finally, Lawhon never argued once during closing that Gattis controlled the injury-producing work, and the jury

7

expressly found Burt-Watts controlled the work. (CR 222-23).

The Court incorrectly evaluated the evidence as though it was examining a non-existent control finding for *legal* sufficiency. (Op. at 10). But the applicable standard is not one of legal sufficiency. Because Lawhon did not submit a required control question as to Gattis, he must demonstrate on appeal that the evidence *conclusively* proved that Gattis controlled the injury-producing work. Tex. R. Civ. P. 279. Even if the control issue was but one required element of an independent ground of recovery, and further assuming a general negligence question includes other correct elements of the claim, the Court cannot affirm the judgment absent finding *factually* sufficient evidence to support a control "finding." *Id*. (emphasis added).

The record fails either test, even though Lawhon argued only one of them on appeal—he contended, at most, that the evidence conclusively established control by Gattis.[2] Most certainly, Lawhon did not conclusively prove control, and this Court does not hold otherwise. Nor does the evidence rise to the factually sufficient level, given the facts outlined above (and in the briefing) coupled with

---

[2] In his brief to this Court, Lawhon never argued that factually sufficient evidence of control existed. Any factual sufficiency argument is therefore waived. *Dunaway v. Dunaway*, No. 14-06-01042-CV, 2007 WL 3342020, at *9 (Tex. App.—Houston [14th Dist.] November 13, 2007, no pet.) (mem. op.) (appellee waived argument due to inadequate briefing). Gattis, in contrast, attacked the factual sufficiency of the evidence in its opening brief. (Appellant's Br. at 25).

unassailable Texas law that a general right of "supervision" is not enough (not even for legal sufficiency purposes) to establish control over an independent contractor's injury-producing work. The Court does not even conduct a factual sufficiency analysis, and any implied finding of control by Gattis cannot survive a factual sufficiency challenge on this record. The Court never analyzed the control issue, and simply appears to conclude that Lawhon was Gattis's employee, as reflected by the Court's reliance on standards applicable to the employer/employee relationship—a construct that does not apply here. (Op. at 10, 13) (citing *Austin v. Kroger Texas, L.P.*, No. 14-0216, 2015 WL 3641066 (Tex. June 12, 2015), and OSHA regulations applicable to "employers"). The Court may not examine the evidence of control, and affirm the judgment, under an ordinary legal sufficiency test.[3] As the record does not establish control by Gattis over Lawhon's work, under the appropriate standard, the Court must reverse the judgment.

---

[3] Nor do circumstances exist in the present case that are comparable to those driving the result in *Austin*.

## PRAYER

For the above reasons, Appellant Gattis Electric, Inc. respectfully requests this Court to grant this motion for rehearing, or grant en banc reconsideration, sustain Appellant's points of error, reverse the judgment and render a take nothing judgment in its favor. Appellant further requests any and all further relief to which it may be justly entitled.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY

By:/s/ Kevin D. Jewell
     Kevin D. Jewell
     Texas Bar No. 00787769
     1200 Smith Street, Suite 1400
     Houston, Texas 77002
     Telephone: (713) 658-1818
     Facsimile: (713) 658-2553

ATTORNEYS FOR APPELLANT
GATTIS ELECTRIC, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this Motion complies with the type-volume limitation of TEX. R. APP. P. 9.4 because this motion contains 2,000 words, excluding the parts of the brief exempted by Rule 9.4.

/s/ Kevin D. Jewell
Kevin D. Jewell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Motion for Rehearing and Motion for En Banc Reconsideration has been provided to counsel listed below in the manner indicated on this 25th day of September, 2015.

*Via electronic service*
D. Todd Smith
Smith Law Group, P.C.
1250 Capital of Texas Highway South
Three Cielo Center, Suite 601
Austin, Texas 78746

*Via electronic service*
Henry Moore
Jayme Bomben
316 W. 12th St., Suite 318
Austin, Texas 78701

*Via electronic service*
Sally S. Metcalfe
Metcalfe Law, P.L.L.C.
901 South Mopac Expressway
Plaza One, Suite 300
Austin, Texas 78746

/s/ Kevin D. Jewell
Kevin D. Jewell